UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RANDALL PARKER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-CV-48-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, *Warden*, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |
| | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Petitioner Randall Parker is an inmate confined by the Bureau of Prisons ("BOP") in the United States Penitentiary-McCreary, in Pine Knot, Kentucky. Parker has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 [R. 1], challenging the aggregated life sentence which he is currently serving. Parker has paid the $5.00 filing fee. [R. 2]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Parker is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts Parker's factual allegations as true and liberally construes his legal claims in his favor.

The Court has reviewed the petition but for the reasons set forth below, determines that that it cannot grant the relief which Parker seeks, an Order releasing him from federal custody. The Court will therefore deny Parker's § 2241 petition and dismiss this proceeding.

**I**
**A**

Between March 2002 and December 2003, a federal grand jury in Tennessee issued an indictment and two superseding indictments charging Parker and co-defendants Kenneth Kimball and Steve Corlew with committing various drug, firearms, and money-laundering offenses stemming from their participation in a vast cocaine-trafficking conspiracy. *United States v. Randall Parker, et al.*, No. 3:02-CR-53-1 (M. D. Tenn.)  [R. 1; R. 69; R. 225; R. 338, therein] The case proceeded to trial and in January 2004, the jury found the defendants guilty of several counts of conspiracy to import drugs, illegal possession with intent to distribute, illegal firearms possession, conspiracy and money laundering, solicitation to commit a crime of violence, and witness tampering.  [R. 388, therein]  Kimball was sentenced to consecutive life sentences plus 15 years; Parker was convicted of many of the same conspiracies and drug charges as Kimball, but not for soliciting violence.  On June 4, 2004, the district court sentenced Parker to life imprisonment and to lesser prison terms, which were ordered to run concurrently with his life sentence. [R. 525, therein]

On appeal, the Sixth Circuit rejected the defendants' various challenges to the district court's Guidelines calculations and affirmed the convictions, but vacated and remanded Parker's and Kimball's sentences for reconsideration under the advisory guidelines in light of *United States v. Booker*, 543 U.S. 220 (2005), which was issued after the sentences had been imposed. *United States v. Kimball*, 194 F. App'x 373 (6th Cir. 2006).  On remand, the district court

applied *Booker*, but imposed the same sentence on Parker that it had imposed in June 2004.  *See* R. 733, therein (June 8, 2007 Amended Judgment); R. 734, therein.

On appeal, the Sixth Circuit affirmed the Amended Judgment.  *United States v. Randall R. Parker*, 341 F. App'x 122 (6th Cir. 2009). The court explained that in its 2006 ruling, it had rejected all of Parker's Guidelines-range challenges and affirmed the district court's Guidelines calculations, and had remanded in light of *Booker* for the sole reason of allowing the district court to determine if it would have imposed a different sentence had the Guidelines range been advisory, rather than mandatory, when it originally sentenced the defendants.  *Parker*, 341 F. App'x at 124.  The Sixth Circuit stated, "We vacated Parker's sentence to allow the district court to reconsider it post-*Booker*, but that did not invite the district court to revisit matters on which we had already ruled.  The district court thus correctly did not reexamine Parker's challenges to his Guidelines range, and it properly interpreted the scope of our remand."  [*Id.*]

The Sixth Circuit concluded that in his second appeal, Parker was again raising the same Sixth Amendment challenges to the district court's Guidelines calculations which he had previously and unsuccessfully asserted in his first appeal.  [*Id.*][1]  The court refused to address Parker's sentencing challenges, explaining, "Our holdings became the law of the case, and we

---

[1] The Sixth Circuit stated:

> He [Parker] argues, for example, that the district court violated his Sixth Amendment rights by holding him responsible for 150 kilograms of cocaine, when the jury found him guilty of only 5 kilograms or more. We rejected that argument in his first appeal, holding that, because "[t]he statutory maximum applicable to such an amount is life imprisonment, see 21 U.S.C. § 841(b), which is what he received ... there is no Sixth Amendment violation." *Kimball*, 194 Fed. Appx. at 378.  Parker also argues that the district court erred in applying sentencing enhancements for obstruction of justice, playing a leadership or an organizing role, sophisticated money laundering, and possession of a firearm.  We rejected each of those arguments as well. *Id.*

[*Id.*]

therefore do not reconsider Parker's Guidelines challenges here. *See United States v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007)." [*Id*.] Finally, the Sixth Circuit refused to entertain two new sentencing challenges which Parker had not raised in his first appeal, concluding that he had waived those arguments. [*Id*.] The United States Supreme Court subsequently denied Parker's petition for writ of *certiorari*. [R. 776, therein; *Randall R. Parker v. United States*, 131 S. Ct. 312 (Oct, 4, 2010)]

In August and September 2014, Parker filed several *pro se* motions in the district court, seeking either a sentence reduction under 18 U.S.C. § 3582(c)(2), or to be re-sentenced. [R. 821; R. 830; R. 832, therein] Parker based his requests on the then-proposed Amendment 782 to the Sentencing Guidelines, arguing that if Amendment 782 were implemented, it would revise the Drug Quantity Table in USSG § 2D1.1 and reduce by two points the offense level applicable to many drug trafficking offenses. Parker was appointed counsel, who soon thereafter filed a motion and brief in support of a sentence reduction under § 3582 (c)(2) [R. 841, therein], to which the government objected [R. 842, therein]. Parker's counsel filed a Reply to the government's response. [R. 843]

On February 3, 2015, the district court entered an Order denying Parker's motion seeking a sentence reduction under § 3582 (c)(2). [R. 845, therein] The district court explained that even though Amendment 782 was retroactive and caused a two-point reduction of Parker's total offense level (from 51 to 49), the reduction did not benefit Parker because the applicable guideline range for total offense level 43 (and above) is life imprisonment, such that the two-point reduction did not effectively reduce Parker's sentence [*Id*. at 3, therein] The district stated, "Because the Defendant's guideline range has not 'subsequently been lowered,' he is not

entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2)." *Id*. Parker appealed the

denial of his § 3582 (c)(2) motion, and that appeal is currently pending in the Sixth Circuit as

Case No. 15-5386.

**B**

On April 4, 2011, Parker filed in the district court a motion to vacate his sentence under

28 U.S.C. § 2255. *Randall R. Parker v. United States*, No. 3:11-0323 (M. D. Tenn. 2011). [R. 1,

therein.] In his § 2255 motion and subsequent amendments thereto, Parker argued that: (1) in

numerous instances, he had received ineffective assistance of both trial and appellate counsel; (2)

the district court violated his Sixth Amendment rights by applying certain enhancements to his

sentence; and (3) the district court should have granted a judgment of acquittal on Count Fifteen

of the Indictment (a drug trafficking charge)[2] because it failed to state an offense.

On August 3, 2012, the district court entered a 41 page Memorandum in which it denied

Parker's § 2255 motion. [R. 83, therein; *Parker v. United States*, No. 3:11-CV-0323, 2012 WL

3202221 (M. D. Tenn. Aug. 3, 20120).] The district court thoroughly analyzed, but rejected,

Parker's thirty (30) individual claims assailing the performance of his trial counsel, finding that

none of those claims had merit. [*Id*. at 7-39; *Parker*, 2012 WL 320221, at \*\*4-21] The district

court also analyzed and rejected Parker's claim challenging the adequacy of his appellate

counsel, finding that it, too, lacked substantive merit. [*Id*. at 39-40; *Parker*, 2012 WL 320221, at

\*21-22].

The district court next addressed, but dismissed, Parker's Sixth Amendment claim

challenging the enhancement of his sentence under the federal sentencing guidelines. [*Id*. at 40-

---

[2] Count Fifteen charged that on or about December 1, 2000, to December 11, 2000, Parker attempted to possess, with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. [R. 338 in Case No. 3:02-CR-53].

41; *Parker*, 2012 WL 320221, at *22]  On that issue, the district court explained that Parker had previously and unsuccessfully asserted the very same sentencing claim on direct appeal, but that the Sixth Circuit had rejected that claim on the merits, because Parker had "'…received a guidelines sentence of life which was recommended for his drug charges alone," and therefore, "he in fact received no increased sentence based upon the enhancements.'"  [*Id*. at 40 (citing *United States v. Kimball*, 194 F. App'x at 378).]

Finally, the district court rejected Parker's third argument, alleging that it should have granted a judgment of acquittal on Count 15 because it failed to allege an offense.  [*Id*. at 41; *Parker*, 2012 WL 320221, at *22]  After determining that Parker had failed to provide "…any support for his claim that Count Fifteen fails to state a valid offense" *id*., the district court dismissed Parker's § 2255 proceeding and entered judgment in favor of the respondent.  [R. 84, therein; *Parker*, 2012 WL 320221, at *22]

On September 6, 2012, the district court denied Parker's motion to alter or amend the Memorandum and Judgment dismissing his § 2255 motion, "…for the reasons set forth in the Court's Memorandum and Order of August 3, 2014 (Docket Nos. 83, 84)."  *See* R. 90, therein. Parker filed a Notice of Appeal [R. 94, therein], but on October 31, 2012, the district court entered an Order denying Parker a certificate of appealability ("COA"), finding that an appeal would not be brought in good faith.  [R. 100, therein]

On July 15, 2013, the Sixth Circuit entered a lengthy opinion in which it denied Parker a COA.  [R. 116, therein; *see Randall R. Parker v. United States*, No. 12-6138 (6th Cir. July 15, 2013).]  The Sixth Circuit determined that as to numerous claims, Parker had not made a substantial showing of the denial of a constitutional right; that Parker had abandoned other

claims because he did not re-assert them in his COA application; and that because the remainder

of Parker's claims lacked merit for various reasons, they did not support the entry of a COA. [*Id*.

at 3-10.]  The court also refused to address claims which Parker was raising for the first time on

appeal, such as his argument that certain charges should have been grouped together for purposes

of calculating his offense level for sentencing. [*Id*. at 10.]

Parker also filed several other motions in his § 2255 proceeding in which he sought relief

from the August 3, 2012, Memorandum and Judgment, but the district court denied all of those

motions.  *See* Orders, R. 103; R. 107; R. 115; R. 121; R. 123.   In his June 13, 2014, motion [R.

107, therein] Parker sought post-judgment relief from his sentence based on *Descamps v. United*

*States*, —— U.S. ——, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), in which the Supreme Court

examined whether a state-law burglary conviction qualified as a "violent felony" within the

meaning of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e).  *Descamps*, 133

S. Ct. at 2282.

On September 4, 2014, the district court denied Parker's motion, explaining that (1)

Parker had not demonstrated that *Descamps* applied retroactively to cases that had been decided

prior to its issuance; and (2) unlike the situation in *Descamps*, Parker's sentence had been

calculated using the penalty provisions of the drug trafficking and money laundering statutes, *not*

the provisions of the ACCA.  [R. 123, therein]  Parker then sought reconsideration of that

adverse ruling under Federal Rule of Civil Procedure 60(b), but the district court denied his

motion, again concluding that Parker "…has not established that *Descamps* may be retroactively

applied, or that the holding of *Descamps* would result in modification of his sentence." [R. 123,

therein]

## II

Parker challenges the length of his federal sentence, which as discussed above, is an aggregate term of life.  Parker asserts that his life sentence is "illegal."  *See* R. 1, p. 1, § I; p. 4 ("Petitioner is serving an illegal sentence under the United States Sentencing Guidelines, and 21 USC § 851 statutory enhancement."); p. 5 (alleging that his sentence was calculated based on an "...erroneous calculation of the U.S.S.G. and 21 USC § 851 enhancement resulting in a life sentence that is a fundamental miscarriage of justice that can now be corrected by this Court….").

Specifically, Parker claims that the district court improperly used his prior state court conviction for marijuana possession to enhance his sentence under the federal sentencing guidelines and § 851, even though that particular state court conviction had been expunged.  [R. 1-1, pp. 4-5]  Parker further asserts that the district court adopted incorrect information contained in his Pre-Sentence Investigation Report ("PSIR"), and that in doing so, it improperly arrived at base offense level of 41, instead of 38, under the Guidelines.

Parker relies on the Supreme Court's grant/vacate/remand ("GVR") order in *Persaud v. United States*, 134 S.Ct. 1023 (2014).  Like Parker, the defendant in *Persaud* sought to challenge a sentencing enhancement through a § 2241 petition and the savings clause of § 2255. Parker contends that *Persaud* applies retroactively to his life sentence, and that this Court should correct his illegal sentence under § 2241.

Parker's claims in this proceeding thus fall under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law. They also implicate the Sixth Amendment of the U.S. Constitution, which guarantees a trial by jury in any criminal proceeding.

## A

Generally, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he challenges issues which relate to the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit explains the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

Here, Parker does not challenge the BOP's method of executing his sentence, such as its computation of sentence credits or consideration of parole eligibility, issues which traditionally fall under the purview of § 2241. Instead, Parker contends that the district court improperly calculated how long of a prison term he must serve, asserting that he should be resentenced without enhancements. Parker thus challenges the constitutionality of his sentence on Fifth and Sixth Amendment grounds, under § 2241 via the "savings clause" of § 2255(e).

However, a federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677

F.3d 303, 306-07 (6th Cir. 2012).  *Wooten*, 677 F.3d at 307; *Charles*, 180 F.3d at 756.  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.  *Charles*, 180 F.3d at 756.

A federal prisoner proceeding under § 2241 can employ the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may *only* pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.  Further, the remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it.  *Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002).  The *Charles* doctrine certainly applies to Parker, who, as previously discussed, has on four (4) prior occasions unsuccessfully attacked the manner in which the district court calculated the term of his sentence under the Guidelines and 21 U.S.C. § 851.

**B**

The first time Parker challenged the district court's sentencing calculations and the life sentence which it imposed on him was almost ten years ago, when he filed his first direct appeal of his criminal conviction.   In that appeal, Parker argued that the district court had erroneously calculated the base level of his cocaine charge, claiming that the jury found him liable for five or more kilograms of cocaine, not 150 kilograms.  *Kimball*, 194 F. App'x at 378.  But the Sixth

Circuit rejected Parker's argument, because the jury found him liable for five or more kilograms of cocaine, and because "The statutory maximum applicable to such an amount is life imprisonment, *see* 21 U.S.C. § 841(b), which is what he received. Thus, there is no Sixth Amendment violation. And because Parker points to no fact that would undermine the district court's preponderance finding as to the quantity of drugs, there is no error in the PSR." [*Id.*][3]

The second time that Parker tried to challenge the district court's sentencing calculations under the Guidelines was after the district court re-sentenced him to a life sentence in June 2007, following the Sixth Circuit's remand order. Parker again argued that the district court had violated his Sixth Amendment rights by holding him responsible for 150 kilograms of cocaine, when the jury found him guilty of only five or more kilograms, and had incorrectly applied sentencing enhancements for obstruction of justice, playing a leadership or an organizing role, sophisticated money laundering, and possession of a firearm or more. *Parker*, 341 F. App'x at 124.

But the Sixth Circuit affirmed Parker's life sentence imposed even after remand, explaining that it in its 2006 decision, it had "*rejected* all of Parker's Guidelines-range challenges, and affirmed the district court's calculation." *Id.* (emphasis in original). The Sixth Circuit observed that despite its prior ruling on the sentencing/Guidelines challenges, "Parker

---

[3] Co-defendant Kimball raised the same Sixth Amendment challenge to the district court's Guideline calculations that Parker asserted, arguing that his sentence was improperly calculated based on a finding of 150 kilograms of cocaine, which was higher than the amount charged in the Indictment. *Id.*, at 377. The Sixth Circuit rejected that argument for the same reason that it rejected Parker's identical argument. [*Id.*] The court explained that no Sixth Amendment violation occurs when the imposed sentence does not exceed the maximum authorized by the facts found by the jury; that the jury determined that Kimball was liable for five or more kilograms of cocaine; that under 21 U.S.C. § 841(b), such a quantity supported a maximum punishment of a life sentence; and that Kimball's life sentence was thus warranted under § 841(b). [*Id.*] The Sixth Circuit further observed that under Fed. R. Crim. P. 32 (i)(3)(A), a district court is allowed to accept as conclusive unchallenged PSIR findings, and that because Kimball did not contest the amount stated in the PSIR, it was too late for him to challenge the drug quantity. [*Id.*]

now raises those same Guidelines challenges again here." *Id.* After reiterating that the district court's original calculations under the Guidelines in 2004 did not violate the Sixth Amendment, the Sixth Circuit explained that its 2006 ruling "…became the law of the case, and we therefore do not reconsider Parker's Guidelines challenges here." *Id.* (citation omitted) As for Parker's re-hashed sentencing claims, the Sixth Circuit concluded: "The district court committed no procedural error in imposing the sentence, and Parker's within-Guidelines life sentence is substantively reasonable, given his extensive role in a massive cocaine-trafficking conspiracy." [*Id.*]

The third time that Parker unsuccessfully challenged the district court's sentencing methods was in his § 2255 motion (Claim 32). As discussed, on August 3, 2012, the district court rejected Parker's argument because he had previously asserted that same claim on direct appeal, and because the Sixth Circuit had rejected that claim on the merits. [R. 83, p. 40-41 therein; *Parker*, 2012 WL 320221] The district court reminded Parker that six years before, the Sixth Circuit had determined that his life sentence on the drug charges (alone) fell within the Guidelines range, and that in light of that fact, "…he in fact received no increased sentence based upon the enhancements.'" *Parker*, 2012 WL 320221 at *22 (citing *Kimball*, 194 F. App'x at 378).

The fourth time that Parker argued that the district court had improperly imposed a life sentence occurred in 2012-2013, when he appealed the district court's denial of his § 2255 motion and requested a COA from the Sixth Circuit. The Sixth Circuit refused to issue a COA on that or any other issue Parker had advanced, finding that as to Parker's Claim No. 32, no

exceptional circumstances or changes in the law existed that would warrant issuing a COA. *Randall R. Parker v. United States*, No. 12-6138, at p. 8 (6th Cir. July 15, 2013).

In his § 2241 petition, Parker merely advances the same sentencing calculation/sentence enhancement challenges that he has unsuccessfully been asserting, or trying to assert, since 2005, *i.e.*, claims that the district court arrived at an erroneous base offense level for his cocaine conviction under the Guidelines; that the district court improperly relied on allegedly incorrect information contained in the PSIR; and that the district court improperly enhanced his sentence under § 851. For instance, throughout his § 2241 memorandum, Parker alleges that the district court improperly used his prior state court conviction for marijuana possession to enhance his federal sentence under the Guidelines and 21 U.S.C. § 851, even though that conviction had been expunged. [R. 1-1, pp. 4-5]

This is a regurgitated claim, as the Sixth Circuit explained in August 2009 (when it affirmed the Amended Judgment) that Parker had waived that very claim, and was barred from asserting it, because he had failed to present it in the first direct appeal of his sentence. *See Parker*, 341 F. App'x at 124. Further, in July 2013, the Sixth Circuit again rejected, for different reasons, similar "expungement-related" claims which Parker had advanced in his § 2255 motion (Claim Nos. 7 and 16) and in his request for a COA. The Sixth Circuit determined that the documentation which Parker had submitted concerning the alleged expungement of his state court marijuana conviction "…fails to cast doubt on the existence of a predicate felony conviction because the note is unsworn and does not identify the precise incident that was expunged." *Parker v. United States*, No. 12-6138, at p. 9 (6th Cir. July 15, 2013). In that same

Order, the Sixth Circuit also determined that Parker had waived other sentencing claims relating to the calculation of his offense level by not including them in his § 2255 motion. *Id*. at 10.

Parker also contends in his § 2241 petition that the PSIR incorrectly listed his base offense level as "41" and that in adopting that erroneous entry, the district court ignored the fact that the Drug Quantity Table only went up to "38." However, as the district court explained earlier this year when it denied Parker's § 3582 (c)(2) sentence-reduction motion, Parker's total offense level was "51" **not** 41; his criminal history category was "I;" and that even after deducting two-points based on retroactive Amendment 782, Parker's adjusted offense level remained at "49," which falls within the applicable Guideline range of life imprisonment. *U.S. v. Parker*, No. 3:02-CR-53 (M.D. Tenn.). [R. 845, p. 3, therein]  Parker has appealed the district court's denial of his § 3582 (c)(2) motion, and that appeal is currently pending in the Sixth Circuit as Case No. 15-5386.  Parker's claim on this issue is therefore inappropriate for consideration in this § 2241 habeas proceeding.

Here, Parker simply seeks another bite at the § 2255 "apple," but *Charles* prohibits such a result when a federal prisoner has either previously (but unsuccessfully) asserted the same claims in a § 2255 motion, or has failed to assert the claims in a § 2255 motion when he had the chance to do so.  *Charles*, 180 F.3d at 756-58.  *Charles* holds that § 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Id*. at 758.  *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")  In light of Parker's prior and extensive litigation history

concerning the very claims which he asserts in his § 2241 petition, he fails to demonstrate that

his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

Additionally, Parker does not allege that he is actually innocent of the numerous drug and

other related offenses of which he was convicted; he challenges *only* the amount of time (life)

which he has been ordered to serve in federal prison.  In other words, he has not alleged that he

"stands convicted of 'an act that the law does not make criminal.'"  *Carter v. Coakley*, No. 4:13

CV 1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523

U.S. 614, 623 (1998)).

Indeed, the Sixth Circuit has never extended the savings clause to § 2241 petitioner who

challenges only the enhancement of his sentence; in fact, it has repeatedly held (and in no

uncertain terms): "Claims alleging 'actual innocence' of a sentencing enhancement cannot be

raised under § 2241."  *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also*

*Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under §

2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th

Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that a

prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable

under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v.*

*Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as

the basis for an actual innocence claim."); *see also, Hoskins v. Coakley*, No. 4:13-CV-1632, 2014

WL 245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition in which he

challenged only his enhanced sentence).

Thus, in this circuit, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. Again, Parker challenges only the length of his aggregated life sentence, but claims alleging sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman*, 325 F.3d at 724; *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095 (N.D. Ohio Jan. 22, 2014) (denying federal prisoner's § 2241 petition in which he merely challenged his enhanced sentence). Because the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their *convictions*, not their *sentences*, Parker does not allege a valid actual innocence claim.

Parker also fails to allege a viable claim of actual innocence because he does not point to a retroactively applicable Supreme Court decision which affords him relief from his sentence. Parker asks the Court to consider his petition in light of the Supreme Court's GVR order in *Persaud v. United States*, 134 S.Ct. 1023 (2014). Like Parker, the defendant in *Persaud* sought to challenge a sentencing enhancement in a § 2241 petition and the savings clause of § 2255. The government argued against the position, but on appeal, the Solicitor General changed course and took the view that a petitioner can challenge a sentencing enhancement through the savings clause, then asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new position. *See* Brief of Appellee at *22–23, *Persaud*, 134 S.Ct. at 1023. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023.

However, the Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *See Communities for Equity v. Mich. High Sch.*

16

*Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). Rather, the GVR order was "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005).

This Court has previously concluded that the GVR order in *Persaud* gives the Fourth Circuit an opportunity to reconsider its own decision, but that it does not give other district courts, including this one, free license to ignore binding circuit precedent. *See*, *e.g.*, *Boyd v. Quintana*, No. 15-CV-4-DCR, 2015 WL 3503271, at *3 (E. D. Ky. June 3, 2015) (denying a § 2241 petition in which the federal prisoner challenged only his enhanced sentence, and rejecting as unpersuasive his reliance on *Persaud*); *Wells v. Synder-Morris*, No. 15-CV-17-HRW, 2015 2356692, at *8 (E. D. Ky. May 15, 2015) (same); *Alexander v. Sepanek*, No. 14-160-ART (E.D. Ky. Apr. 15, 2015) [R. 12, therein] (same). At least one other district court in this circuit has also recently concluded that *Persaud* does not support a sentence challenge under § 2241, explaining that because *Persaud* applies to a limited set of facts in a case decided in another circuit, it carries no precedential effect in this circuit. *See King v. Terris*, No. 2:14-CV-14267, 2015 WL 3888163, at *6 (E. D. Mich. June 24, 2015).[4] Based on this authority, the Court determines that *Persaud* does not support Parker's argument, and that the binding Sixth Circuit

---

[4] In denying the § 2241 petition based in part on *Persaud*, the Michigan district court explained:

> Neither the Solicitor General's argument in *Persaud* nor the action of the Supreme Court in that case permits Petitioner to seek relief under § 2241. First, while the Solicitor General conceded that a federal prisoner is not categorically barred form challenging a sentencing enhancement under § 2241, he did not suggest that a prisoner may bring such a challenge if he could have previously raised the argument in a § 2255 motion. On the contrary, the Solicitor General said: "the erroneous imposition of a mandatory minimum sentence is a fundamental defect that warrants correction under the savings clause *when the defendant otherwise had no opportunity to raise it*." *Id.* at *21 (emphasis added)."

*King*, 2015 WL 3888163, at *6.

precedent discussed above bars relief under § 2241, to the extent that Parker challenges the *length* of his federal sentence.

For the reasons set forth above, Parker has not demonstrated that his prior remedy in the district court under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he established that he is actually innocent of the drug and numerous other related offenses of which he was convicted. Because Parker is not entitled to relief under § 2241, his habeas petition will be denied and this proceeding will be dismissed.

### III

Accordingly, it is hereby **ORDERED** as follows:

1.     The 28 U.S.C. § 2241 petition for a writ of habeas corpus filed by Petitioner Randall Parker [R. 1] is **DENIED**.

2.     The Court will enter an appropriate Judgment.

3.     This § 2241 habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This July 21, 2015.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge